IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH GREGORY LASTER, #278177,
    Plaintiff,

vs.                              Case No. 5:07cv215/RS/EMT

DR. HUGHES, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

    Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on September 4, 2007 (Doc. 1 at 20). The court previously granted Plaintiff's motion to proceed in forma pauperis (Docs. 6, 8). The court granted the motion based only upon the monetary information supplied in the motion; however, based upon further review of the file and of previous cases filed by Plaintiff, the court vacates its order granting the motion.

    Pursuant to the "three strikes" provision of the Prison Litigation Reform Act (PLRA):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

    In Plaintiff's complaint, he admits that he has, on three prior occasions, brought an action that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (*see* Doc. 1 at 3–5). That statue provides that the court may dismiss a case filed by a person proceeding in forma pauperis if the action: "is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The case numbers cited by Plaintiff are 5:05cv57/RH/WCS, 5:05cv222/SPM/MD, and 5:06cv243/MCR/MD (*see* Doc. 1 at 3–4). Review of the dockets of those cases indicate that they were indeed filed by Plaintiff, and he was incarcerated at the time he filed them. The docket of Case No. 5:05cv57/RH/WCS shows that it was dismissed on August 25, 2005, pursuant to § 1915(e)(2)(B) for failure to state a claim (*see* Docs. 17, 19 in that case) and thus counts as a "strike" for purposes of § 1915(g). The docket of Case No. 5:05cv222/SPM/MD shows that it was dismissed by the court on May 16, 2007, pursuant to § 1915(e)(2)(B)(ii), that is, failure to state a claim, and thus counts as a "strike" (*see* Docs. 139, 143 in that case). The docket of Case No. 5:06cv243/MCR/MD shows that it was dismissed by the court on August 20, 2007, because the allegations of the complaint, including the attachments thereto, taken as true, established that Plaintiff failed to fulfill the exhaustion requirement of 42 U.S.C. § 1997(g) prior to bringing his claims in federal court (*see* Docs. 31, 34 in that case). This is tantamount to a dismissal for failure to state a claim since the complaint itself demonstrated that relief was barred. *See* Porter v. Nussle, 524 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002) (exhaustion is mandatory under the PLRA; unexhausted claims cannot be brought in court); *see also* Jones v. Bock, --- U.S. ---, 127 S. Ct. 910, 920–21, 166 L. Ed. 2d (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; . . . Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.").

Additionally, Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest he is under imminent danger of serious physical injury (Plaintiff alleges he was denied appropriate medical treatment after he fractured his hand in 2004 (*see* Doc. 1 at –20)). *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute."). Because Plaintiff did not pay the $350.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should

be dismissed.  Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).  Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

Accordingly, it is **ORDERED**:

1. The court's previous order (Doc. 8) granting Plaintiff's motion to proceed in forma pauperis (Doc. 6) is hereby **VACATED**.

2. Plaintiff's motion to proceed in forma pauperis (Doc. 6) is **DENIED**.

3. The clerk of court shall mail a copy of this order to:  Department of Corrections, 2601 Blairstone Road, Tallahassee, FL  32399-2500, Attention:  Agency Clerk.  The agency having custody of Plaintiff shall no longer forward payments from Plaintiff's account to the court for Case No. 5:07cv215/RS/EMT.

And it is respectfully **RECOMMENDED**:

1. That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED without prejudice** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

2. That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 1st day of October 2007.

> /s/ *Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**